**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**ANTHONY RAY JENKINS,**

        **Plaintiff,**

    **v.**                      **CASE NO.  12-3029-SAC**

**STATE OF KANSAS,**
**et al.,**

        **Defendants.**

**O R D E R**

This pro se civil complaint, 42 U.S.C. § 1983, was filed by an inmate of the Sedgwick County Jail, Wichita, Kansas.  Plaintiff has neither paid the filing fee nor submitted a motion to proceed without prepayment of fees.

Mr. Jenkins has previously been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  Id. ; Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999).

None of the facts alleged in this complaint suggests that plaintiff is under imminent danger of serious physical injury.[1]

---

[1] Instead, the allegations in this complaint appear to be denial of equal protection and due process claims based upon Mr. Jenkins' arrest, bond, and proceedings in two 2010 cases in Sedgwick County.  He seeks to have the cases

Accordingly, Mr. Jenkins may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

Plaintiff's pending motions need not be decided until and unless he pays the filing fee, and shall be denied as moot if he fails.  Mr. Jenkins is reminded that he may not submit a single paper with several case numbers on it and expect it to be filed in those several cases.  Instead, he must submit the motion separately in each case in which he wants it to be considered and write a single case number upon the motion.  He has attached a "Motion for a Rehearing" to a motion in this case, and lists several cases besides this one in the caption (see Doc. 2).  This attached Motion for a Rehearing" will be considered in this case only.  It will not be considered in the other 8 cases listed, unless Mr. Jenkins files it separately in each of those cases.  Mr. Jenkins is also warned that he should not staple separate motions together.  The clerk may properly file materials that are received stapled together as a single pleading.

The court further finds that this action is in violation of filing restrictions placed upon Mr. Jenkins in <u>Jenkins v. Scott</u>, 1995 WL 781216 (D.Kan. Dec. 12, 1995).[2]

---

dismissed, bond money returned, and damages for time spent in jail.  If Mr. Jenkins is actually seeking release from allegedly illegal confinement, he may only do so by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.  And, before such a petition may be filed in federal court he must have exhausted all available state court remedies.

[2]    The language from this Order provides:

IT IS FURTHER ORDERED that the plaintiff, Anthony Ray Jenkins, is precluded from filing any new motion or action pro se in the United States District Court for the District of Kansas, without obtaining leave of the court.  His failure to seek leave shall constitute grounds for the immediate dismissal of the motion or action.

2

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to submit the filing fee of $350.00, and that his failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

In seeking leave of the court, plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" and attach to it a copy of his proposed complaint or motion.  To any such motion, plaintiff must attach a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 or his sworn affidavit certifying to the court that his claims have not been presented previously, are not similar to those of any past complaint, and are not frivolous or otherwise made in bad faith.